# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHNNY LEE JONES III, | |
| Petitioner, | |
| v. | 3:15-cv-00320-HDM-WGC |
| TIMOTHY FILSON, et al., | **ORDER** |
| Respondents. | |

On January 8, 2018, the court entered an order directing petitioner to file a supplemental brief addressing why he is entitled to equitable tolling based on (1) his use of certain medication from December 2005 through January 2007, and (2) his trial counsel's failure to file a direct appeal. (ECF No. 41). On February 28, 2018, the court granted petitioner an extension of time to file his supplemental brief, to and including March 26, 2018. Petitioner did not file any response to the court's order.

On May 14, 2018, the court ordered petitioner to file a supplemental brief as set forth above within fifteen days of the date

of the order. (ECF No. 44). The court advised petitioner that his failure to do so might result in the dismissal of this action with prejudice.

On May 29, 2018, petitioner filed a motion for extension of time to comply with the court's order, seeking an additional thirty days. (ECF No. 45). The court granted petitioner's motion, extending the deadline to and including June 28, 2018. (ECF No. 46). To date, petitioner has not filed any response to the court's order, whether a supplemental brief or a motion for extension of time.

As petitioner has failed to comply with the court's orders, the court considers whether this action should be dismissed as a sanction. The court must weigh five factors before imposing the harsh sanction of dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). A warning that the action will be dismissed for failure to follow a court order is a less drastic alternative sufficient to satisfy the last factor. *See Malone*, 833 F.2d at 132-33 & n.1.

As the court previously warned petitioner that this action would be dismissed if he did not comply with the court's order, the fifth factor weighs in favor of dismissal. In addition, this action has been pending without resolution of an important threshold issue for more than seven months, despite the court's repeated efforts to address the matter. The first and second factors therefore favor dismissal. As

dismissal would be with prejudice, there is little risk of prejudice to the respondents. The third factor also therefore favors dismissal. While the fourth factor of course weighs against dismissal, it is not sufficient to outweigh all the other factors.

Accordingly, as petitioner has failed to comply with this court's orders, IT IS THEREFORE ORDERED that the petition in this case will be, and hereby is, DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that petitioner is DENIED a certificate of appealability, as jurists of reason would not find the court's dismissal of this action to be debateable or wrong.

The clerk of court shall enter final judgment accordingly and CLOSE this case.

IT IS SO ORDERED.

DATED: This 13th day of August, 2018.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE

3